IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ABDOU KOUDOS ADISSA | : | No. 15-544 |

**MEMORANDUM**

PRATTER, J.                                                                                               DECEMBER 28, 2020

More than three years after being sentenced, Abdou Koudos Adissa moves to dismiss the indictment. The Government opposes the request as untimely and meritless. The Court agrees. For the reasons that follow, the Court denies the motion.

### BACKGROUND AND PROCEDURAL HISTORY

Mr. Adissa was indicted for his involvement in a stolen identity scheme. He and a co-conspirator filed false tax returns using stolen identities and deposited the tax refunds into prepaid debit cards. In 2017, a federal grand jury returned a second superseding indictment charging Mr. Adissa with one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371. He proceeded to trial where he was found guilty. The Court imposed a within-guidelines sentence of 48 months imprisonment to be followed by three years of supervised release and ordered Mr. Adissa to pay restitution to the Internal Revenue Service.

Mr. Adissa appealed to the Third Circuit Court of Appeals but withdrew his appeal to seek habeas relief under § 2255. The Court denied the habeas petition. After his unsuccessful collateral challenge, Mr. Adissa, proceeding *pro se*, now seeks to dismiss the grand jury indictment on the grounds that the none of the indictments were returned "publicly". Construing his motion liberally, Mr. Adissa asks the Court to vacate his sentence for lack of jurisdiction over his case.

While his motion was pending, Mr. Adissa was released from prison and deported to Benin earlier this year.

## DISCUSSION

As a threshold matter, Mr. Adissa's motion is untimely. Mr. Adissa alleges the indictment was defective because it was not returned in open court. Fed. R. Crim. P. 6(f). Objections based on defects in the indictment must be raised before trial. Fed. R. Crim. P. 12(b)(2). Failure to timely object to an allegedly defective indictment operates as a waiver. *United States v. Rad-O-Lite of Phila., Inc.*, 612 F.2d 740, 744 (3d Cir. 1979). Indeed, Mr. Adissa acknowledges this time-bar in his motion. Doc. No. 102 at 3. Instead, he waited three years—well after the trial had concluded. On this basis alone, the Court denies the motion. *Davis v. United States*, 411 U.S. 233, 242 (1973) ("[A] claim once waived pursuant to [Fed. R. Crim. P. 12(b)(2)] may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of 'cause' which that Rule requires.").

Even if the Court reached the merits of the motion, the error alleged is harmless. Despite the "heavy burden" to demonstrate there was prosecutorial misconduct before the grand jury, Mr. Adissa provides no evidence that the indictment was not presented in open court. *United States v. Bunty*, 617 F. Supp. 2d 359, 372 (E.D. Pa. 2008). Nor does he support his claim with anything other than a conclusory allegation. Moreover, the petit jury's guilty verdict has rendered any error before the indicting grand jury harmless. *United States v. Mechanik*, 475 U.S. 66, 73 (1986).

Finally, Mr. Adissa's motion is likely now moot. He has since been released by the Bureau of Prisons and deported from the United States.

## CONCLUSION

For the reasons set out in this Memorandum, the Court denies Mr. Adissa's motion and enters the accompanying Order.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE